UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DOW CONSTRUCTION, LLC | CIVIL ACTION NO. 20-9 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BPX OPERATING CO. | MAG. JUDGE KAYLA D. MCCLUSKY |

**MEMORANDUM ORDER**

Before the Court is a motion for reconsideration, filed by Defendant BPX Operating Company ("BPX"). Record Document 54. The motion has been fully briefed. BPX asks this Court to reconsider its ruling that Louisiana Revised Statute section 30:10(A)(3) applies to all mineral owners in a forced pool unit who have no lease with the operator, which includes Plaintiff Dow Construction, LLC ("Dow"). Record Document 41. For the reasons below, the motion [Record Document 54] is **DENIED**.

**BACKGROUND**

Previously, BPX filed a partial motion to dismiss in which it argued that section 10(A)(3) did not apply to lessees like Dow. Record Document 28. Section 10(A)(3) provides the following:

> If there is included in any unit created by the commissioner of conservation one or more unleased interests for which the party or parties entitled to market production therefrom have not made arrangements to separately dispose of the share of such production attributable to such tract, and the unit operator proceeds with the sale of unit production, then the unit operator shall pay to such party or parties such tract's pro rata share of the proceeds of the sale of production within one hundred eighty days of such sale.

La. R.S. § 30:10(A)(3).

BPX argued that section 10(A)(3) is inapplicable to the facts of this case because it only applies to interest owners who have no lease at all—i.e., completely unleased. This would exclude Dow because Dow claims to be a lessee of the Sessions Lease. Dow counters that "unleased

interests" as used in section 10(A)(3) means unleased as to the operator of the well, which would include Dow because Dow has no lease with the operator, BPX.

After engaging in a statutory analysis, this Court held that section 10(A)(3) applied "to any mineral interest owner in a forced pool unit who has no lease with the operator."[1] *Dow Constr., LLC v. BPX Operating Co.*, No. CV 20-9, 2021 WL 4492863, at *1 (W.D. La. Sept. 30, 2021). In reaching its conclusion, the Court determined that the phrase "unleased interests" meant "unleased by the operator." *See generally id.* Because Dow alleged that it had no lease with BPX, the Court found that section 10(A)(3) was applicable to the instant dispute. According to BPX, this Court should reconsider the ruling because it erred in its statutory analysis and is *Erie* bound to follow certain Louisiana cases.

## LAW & ANALYSIS

### I. Legal Standard

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court has broad discretion to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

### II. Analysis

The dispute centers on the meaning of "unleased interests" as used in section 10 of Title 30 of the Louisiana Revised Statutes. "Title 30 uses 'unleased interests' to mean different things in different chapters." *TDX Energy, LLC v. Chesapeake Operating, Inc.*, 857 F.3d 253, 262 (5th Cir. 2017). At times, Title 30 uses "unleased interests" to mean completely unleased, and, at other times, it means unleased only as to the operator of the well. In other words, based on the surrounding

---

[1] Record Document 41 at 1.

context, the Louisiana Legislature includes or excludes a lessee such as Dow from the term "unleased interests."

Section 10 uses the term "unleased interests" twice. The first use excludes a completely unleased interest owner from being subject to the risk charge provisions. *See* La. R.S. § 30:10(A)(2)(e)(i) ("The provisions of Subparagraph (b) of this Paragraph with respect to the risk charge shall not apply to any *unleased interest not subject to an oil, gas, and mineral lease*.") (emphasis added)). The term "unleased interest" was clarified by the phrase "not subject to an oil, gas, and mineral lease." *Id.* It is clear based on the clarifying language in section 10(A)(2)(e)(i) that a lessee is excluded from this provision. Section 10(A)(3) contains the second reference to unleased interests. *Id.* § 30:10(A)(3) ("If there is included in any unit created by the commissioner of conservation *one or more unleased interests for which the party or parties entitled to market production therefrom*.") (emphasis added)). However, the Legislature did not use the clarifying language "not subject to an oil, gas, and mineral lease" as it previously did in the same statute. *See id.*

BPX argues that unleased interest means the same thing throughout section 10: completely unleased. However, BPX's interpretation violates a cardinal rule of statutory interpretation: that courts "should give effect to all parts of a statute and should not give a statute an interpretation that makes any part superfluous or meaningless." *Pumphrey v. City of New Orleans*, 2005-0979 (La. 4/4/06); 925 So. 2d 1202, 1210. In section 10, "unleased interest" cannot mean completely unleased because it would render the phrase "not subject to an oil, gas, and mineral lease" superfluous. If "unleased interest" meant completely unleased in section 10, the Legislature would not have needed to add the phrase "not subject to an oil, gas, and mineral lease" in section 10(A)(2)(e)(i). Instead, the better interpretation is that "unleased interest" means "unleased by the operator" and the

descriptive phrase "not subject to an oil, gas, and mineral lease" excludes a lessee. *See TDX Energy*, 857 F.3d at 262 ("The second part of this provision would be superfluous if 'unleased interest' always meant an interest not subject to any lease."). In section 10(A)(3), the Legislature re-used the phrase "unleased interests," which the Legislature had already given the meaning "unleased by the operator" in section 10(A)(2)(e)(i), without any language appended that would exclude the lessee.[2] As such, the Court stands by its statutory analysis and conclusion that section 10 uses the term "unleased interests" to mean "unleased by the operator."

Additionally, the Court believes it properly applied *Erie* principles in reaching its conclusion. As a court sitting in diversity, this Court must look to decisions of the Louisiana Supreme Court regarding the same issue. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003)). However, BPX has pointed the Court to no Louisiana Supreme Court case directly on point.[3] The Court therefore employed Louisiana's civilian methodology in reaching its conclusion whereby courts "first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary

---

[2] The Court has already rejected BPX's argument that the omission was the Legislature using shorthand. Record Document 41 at 9 n.6. Nothing in section 10 makes it "especially clear" that the descriptive phrase "not subject to an oil, gas, and mineral lease" attaches to each reference to "unleased interests." *See id.*; *TDX Energy*, 857 F.3d at 261 n.10.

[3] BPX advances that *Hunt Oil Co. v. Batchelor*, 93-3144 (La. 10/17/94); 644 So. 2d 191, controls this matter. However, *Hunt* involved the appeal of a commissioner's balancing order whereby the commissioner was tasked with determining whether a gas imbalance warranted in kind balancing or cash balancing. The Louisiana Supreme Court concluded that balancing in kind was the preferred method to correct production imbalances, but if certain factors were present, the commissioner should order a cash accounting. Importantly, *Hunt* did not involve a statutory analysis of section 10(A)(3), and there is no evidence that the Louisiana Supreme Court was presented with and rejected Dow's argument. The Court notes that it cited *Hunt* in its Memorandum Ruling for a general statement made in a footnote. Further briefing on the issue has illuminated the inapplicability of *Hunt*. Moreover, the footnote is merely dicta.

law source in Louisiana." *Id.* (citation omitted). Furthermore, BPX has offered no case in which a court engaged in a statutory analysis of section 10(A)(3) or where a court was specifically presented with and rejected the argument as advanced by Dow. Accordingly, the Court is not bound or persuaded by any case relied on by BPX.

In sum, when making an *Erie* guess, the Court is convinced that if the Louisiana Supreme Court was presented with this specific issue, the court would determine that "unleased interests" means "unleased by the operator" in section 10 based on the rules of statutory interpretation.

## CONCLUSION

For the reasons stated above, the motion for reconsideration [Record Document 54] is **DENIED**. The Court stands by its conclusion that in section 10, the term "unleased interests" means "unleased by the operator." Any other interpretation would render the phrase "not subject to an oil, gas, and mineral lease" meaningless.

**THUS DONE AND SIGNED** this 5th day of May, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE