# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| DOW CONSTRUCTION, LLC | CIVIL ACTION NO. 20-9 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BPX OPERATING CO. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a motion for a certification to permit an interlocutory appeal regarding multiple *res nova* legal issues, filed by Defendant BPX Operating Company ("BPX"). Record Document 136. In the motion, BPX seeks for the Court to certify the following orders for interlocutory appeal: (1) Memorandum Order dated September 30, 2021 (Rec. Doc. 41); (2) Memorandum Order dated May 5, 2022 (Rec. Doc. 124); and (3) Memorandum Order signed May 5, 2022 but docketed May 6, 2022 (Rec. Doc. 129). For the reasons below, BPX's motion [Record Document 136] is **GRANTED**.

Pursuant to 28 U.S.C. § 1292(b), the following three criteria must be met before the Court can certify an interlocutory order for appeal: (1) there must be a controlling question of law; (2) there must be a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

To support this certification, and as set forth more fully hereafter and in BPX's motion, the Court expressly finds that the three criteria of 28 U.S.C. § 1292(b) are satisfied with respect to the foregoing interlocutory orders (collectively, the "Orders").

First, the Court finds that each of the Orders presents a controlling question of law and involves no disputed issues of fact. Memorandum Order dated September 30, 2021 (Rec. Doc. 41) and Memorandum Order dated May 5, 2022 (Rec. Doc. 124) (collectively, the "(A)(3) Orders")

present the purely legal issue of whether a third-party mineral lessee included in a drilling unit created by the Commissioner of Conservation is an "unleased interest" for purposes of La. R.S. 30:10(A)(3), and thus, whether such an owner has standing to assert any claim under La. R.S. 30:10(A)(3). Memorandum Order dated May 6, 2022 (Rec. Doc. 129) (the "Scope of the Forfeiture Order") presents the purely legal issue of whether the forfeiture in La. R.S. 30:103.2 that requires an operator to forfeit "the costs of the drilling operations" includes post-production, or marketing, costs. Should the United States Fifth Circuit reach a contrary result than the interpretation of the District Court in the Orders, Plaintiff's claims arising under La. R.S. 30:10(A)(3) would be dismissed, and Plaintiff's claim arising under La. R.S. 30:103.1 and 30:103.2 would be limited to exclude post-production costs.

Taken individually, rulings on these legal issues would drastically narrow the scope of what would ultimately be tried before this Court. It would be a tremendous waste of time and resources for both parties and the judicial system to conduct a trial on what remains based on the current rulings, only to be reversed on these threshold legal issues by the Fifth Circuit after the fact. Thus, each of the Orders present controlling questions of law.

Second, the Court finds that a substantial ground for difference of opinion exists as to the Orders. For the reasons articulated in Record Documents 41 and 124, the Court's rulings on (A)(3) diverge from dicta in other cases. The Scope of the Forfeiture Order presents *res nova* issues on which no Louisiana appellate court or any federal court have ruled.

Third, the Court finds that disposition of the issues in the Orders by the United States Fifth Circuit may materially advance the ultimate termination of the case. The threshold issues ruled upon in the Orders will inevitably be appealed at the conclusion of the trial if not dealt with on the instant application for appeal. Moreover, the issues in the Orders drastically impact the scope of

trial, and depending upon the Fifth Circuit's ruling, a second trial could be necessary if the appeal process is not utilized now. Therefore, certification of the Orders pursuant to 28 U.S.C. § 1292(b) is appropriate.

After the filing of the motion for certification, the Court issued the ruling on prescription of Plaintiff's section 103.2 forfeiture claim. Record Document 138. The issue presented another *res nova* legal issue, which could defeat Plaintiff's forfeiture claim, if BPX is correct that the applicable prescriptive period is one year. At the May 11, 2022 status conference, BPX represented that it would likely seek to include an adverse ruling on prescription in the interlocutory appeal certification request. *See* Record Document 137. Additionally, Dow conveyed that it would likely cross-appeal regarding the *negotiorum gestio* ruling in Record Document 129. For the same reasons as above, the Court finds that it would be in the interest of justice to also certify the Memorandum Ruling dated May 17, 2022 (Rec. Doc. 138) for appeal and permit Dow to cross-appeal regarding the Court's legal determination that the doctrine of *negotiorum gestio* permits an operator to deduct post-production costs (Rec. Doc. 129).

Furthermore, BPX's motion to stay is **GRANTED**. All dates and deadlines in the existing scheduling order, including the June 6, 2022 trial, are **UPSET**. The pending motions [Record Documents 75, 93, and 96] are **DENIED without prejudice to the right re-urge by reference**, if and when appropriate. If the Fifth Circuit does not permit the interlocutory appeal, the parties are directed to promptly petition the Court to lift the stay.

## CONCLUSION

Based on the foregoing reasons,

**IT IS ORDERED** that BPX's motion [Record Document 136] is **GRANTED**.

**IT IS FURTHER ORDERED** that the following rulings are certified for interlocutory appeal: (1) Memorandum Order dated September 30, 2021 (Rec. Doc. 41); (2) Memorandum Order dated May 5, 2022 (Rec. Doc. 124); (3) Memorandum Order signed May 5, 2022 but docketed May 6, 2022 (Rec. Doc. 129); and (4) Memorandum Order dated May 17, 2022 (Rec. Doc. 138).

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending the resolution of the foregoing interlocutory request.

**IT IS FURTHER ORDERED** that all dates and deadlines in the existing scheduling order, including the June 6, 2022 trial, are **UPSET**.

**IT IS FURTHER ORDERED** that the pending motions [Record Documents 75, 93, and 96] are **DENIED WITHOUT PREJUDICE to the right to re-urge by reference**, if and when appropriate.

**THUS DONE AND SIGNED** this 17th day of May, 2022.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE